IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DOMINION RESOURCES, INC., and<br>DOMINION NUCLEAR CONNECTICUT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-0083<br>(Judge Bruggink) |

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

For its answer to the plaintiffs' complaint, filed on January 23, 2004, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 1 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second and third sentences of paragraph 1. Denies the allegations contained in the fourth sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the fifth sentence of paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fifth sentence of paragraph 1.

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in the first sentence of paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 4. The allegations contained in the second sentence of paragraph 4 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Admits the allegation contained in the first sentence of paragraph 6 that Dominion Nuclear Connecticut, Inc., is the current holder of the Standard Contract to the extent supported by the contract cited, which is the best evidence of its contents; denies the remaining allegations contained in the first sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second, third, and fourth sentences of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 7. Admits the allegations in the second sentence of paragraph 7 to the extent supported by the contracts cited, which are the

best evidence of their contents; otherwise denies the allegations in the second sentence of paragraph 7. Admits the allegation contained in the third sentence of paragraph 7 that Defendant received notice from Dominion on or about April 26, 2001; admits the remaining allegations contained in the third sentence of paragraph 7 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 7. The allegations contained in the fourth sentence of paragraph 7 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

8. Admits.

9. The allegations contained in the first sentence of paragraph 9 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 9 to the extent supported by the licenses cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 9.

10. Denies the allegations contained in the first and second sentences of paragraph 10 for lack of information or knowledge sufficient to form a belief as to their truth. Admits the allegations contained in the third and fourth sentences of paragraph 10.

11. The allegations contained in paragraph 11 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

12. Denies the allegations contained in the first sentence of paragraph 12 to the extent that they indicate that the Government, alone and without negotiation with the nuclear industry, developed the Standard Contract published at 10 C.F.R. § 961.11; admits that the Department of Energy and nuclear utility representatives developed the Standard Contract; otherwise denies the allegations contained in the first sentence of paragraph 12. Admits the allegations contained in the second sentence of paragraph 12 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 12. The allegations contained in the third sentence of paragraph 12 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

13. Admits the allegations contained in the paragraph 13 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in the paragraph 14 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 14.

15. The allegations contained in the first sentence of paragraph 15 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; avers that plaintiffs have not paid the one-time fee as required by the Standard Contract, Art. VIII.B.2. Based upon the circumstances as they existed when the complaint was filed on January 23, 2004, admits the allegation contained in the second sentence of paragraph 15 that plaintiffs continue to pay approximately $15 million in fees under

the contracts per year; otherwise denies the allegations contained in the second sentence of paragraph 15.

16. Admits the allegations contained in the paragraph 16 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in the paragraph 17 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 17.

18. The allegations contained in paragraph 18 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they constitute allegations of fact, they are denied.

19. Denies.

20. Admits the allegations contained in the paragraph 20 to the extent supported by the joint letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegations contained in the paragraph 21 to the extent supported by the Federal Register notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 21.

22. Admits the allegations contained in the paragraph 22 to the extent supported by the Federal Register notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in the paragraph 23 to the extent supported by the court filing and decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in the paragraph 24 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in the paragraph 25 to the extent supported by the petition cited, which is the best evidence of its contents; otherwise denies the allegations contained paragraph 25.

26. Admits the allegations contained in the paragraph 26 to the extent supported by the preliminary determination cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in the paragraph 27 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in the paragraph 28 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. Admits the allegations contained in the paragraph 29 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in the paragraph 30 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits the allegations contained in the paragraph 31 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Admits.

33. Admits the allegations contained in the paragraph 33 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. Admits the allegations contained in the paragraph 34 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Admits the allegation contained in the paragraph 35 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 that DOE did not begin accepting spent nuclear fuel from Standard Contract holders by January 31, 1998, pursuant to the Standard Contract; otherwise denies the allegations contained in paragraph 36.

37. The allegations in paragraph 37 are plaintiffs' characterization of their case to which no response is required; to the extent that they constitute allegations of fact, they are denied; defendant avers that the Department of Energy has announced that it currently expects to begin acceptance of spent nuclear fuel from Standard Contract holders by 2017.

38. The allegations contained in the first sentence of paragraph 38 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they constitute allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 38.

39. The allegations contained in paragraph 39 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they constitute allegations of fact, they are denied.

40. Defendant's responses to paragraphs 1 through 39 are incorporated by reference.

41. The allegations contained in paragraph 41 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

42. Admits the allegations contained in the paragraph 42 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. The allegations contained in paragraph 43 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

44. Admits the allegation contained in paragraph 44 that defendant "has not accepted any SNF from Plaintiffs" pursuant to the Standard Contract; admits the allegation contained in paragraph 44 that defendant "has an unconditional obligation to commence accepting SNF by

January 31, 1998," to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 44.

45. The allegations contained in paragraph 45 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

48. Defendant's responses to paragraphs 1 through 47 of the complaint are incorporated by reference.

49. The allegations contained in paragraph 49 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; defendant avers that the Department of Energy has

not accepted any commercial spent nuclear fuel and/or high-level radioactive waste under the auspices of the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270.

52. The allegations contained in paragraph 52 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

53. Defendant's responses to paragraphs 1 through 52 of the complaint are incorporated by reference.

54. The allegations contained in paragraph 54 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

55. The allegations contained in paragraph 55 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

58. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 57, or to any relief whatsoever.

59. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

60. Plaintiffs have failed to satisfy a condition precedent to defendant's liability.

61. Plaintiffs' claims are barred by assignment.

62. Plaintiff"s claim is barred by the affirmative defense of recoupment or setoff.

63. Plaintiffs' claims should be offset or reduced by any benefits that plaintiffs received in delaying the payment of the one-time fee required by Article VIII.B.2 of the contracts at issue in this case.

## FIRST COUNTERCLAIM

64. The Court possesses jurisdiction to entertain this counterclaim pursuant to 28 U.S.C. §§ 1503 and 2508.

65. Pursuant to the standard contracts at issue in this case, the contract holder is required to pay a one-time fee for SNF discharged prior to April 7, 1983, and for in-core burned fuel as of 12:00 a.m. on April 7, 1983. See 10 C.F.R. § 961.11, Art. VIII.B.2. The predecessor to the standard contracts at issue in this case elected to satisfy its financial obligation pursuant to Article VIII.B.2 of the standard contracts "in the form of a single payment anytime prior to the first delivery, as reflected in the DOE approved delivery commitment schedule," which consists "of the fee plus interest on the outstanding fee balance." See id., Art. VIII.B.2(b). Neither plaintiffs nor their predecessors to the standard contracts at issue in this case has ever paid the one-time fee required pursuant to Article VIII of the standard contract.

66. Had DOE begun SNF acceptance pursuant to the standard contracts in 1998, the contract holder for the standard contracts at issue in this case would have been required to pay the one-time fee before DOE would have had any obligation to begin to accept any fuel from the

plaintiffs in this case pursuant to those standard contracts. To the extent that the plaintiffs in this case receive an award of damages based upon DOE's failure to begin SNF acceptance in 1998 or at any time thereafter, the plaintiffs should be required to provide DOE with the monies that, before DOE would have been obligated to have accepted the contract holder's SNF, the contract holder would have had to pay to DOE. Accordingly, the Court should allow defendant to recoup or set-off the one-time fee owed pursuant to the terms of the standard contract at issue in this case.

67. The principal amount of the one-time fee is $82.1 million, and defendant is entitled to judgment in that amount, plus interest upon that amount, pursuant to Article VIII.B.2(b) of the Standard Contract, running "from April 7, 1983, . . . to be calculated based upon the 13-week Treasury bill rate, as reported on the first such issuance following April 7, 1983, and compounded quarterly thereafter by the 13-week Treasury bill rates as reported on the first such issuance of each succeeding assigned three-month period until payment."

COUNTERCLAIM FOR OFFSET OR RECOUPMENT

68. The Court possesses jurisdiction to entertain the merits of the defense of recoupment or setoff pursuant to 28 U.S.C. §§ 1503 and 2508.

69. Defendant incorporates by reference the allegations contained in paragraphs 63 through 65 above.

70. Plaintiff's claim is barred by the affirmative defense of recoupment or setoff, and defendant is entitled to setoff or recoup the one-time fee that the contract holder owes pursuant to Article VIII.B.2 of the Standard Contract against any judgment awarded in plaintiff's favor.

WHEREFORE, defendant respectfully requests that the Court enter judgment in its favor; order that the complaint be dismissed; order that defendant is entitled to recover the amount of the one-time fee that plaintiffs have not yet paid or, in the alternative, that any amount that may be found due plaintiffs under the standard contract at issue in this case shall be recouped or setoff by any amount owed to the United States pursuant to Article VIII.B.2 of the standard contract; and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0478
Fax: (202) 307-2503

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

January 10, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 10th day of January 2007, a copy of foregoing "DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Lisa L. Donahue