IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DOMINION RESOURCES, INC., and<br>DOMINION NUCLEAR CONNECTICUT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-0083<br>(Judge Bruggink) |

DEFENDANT'S NOTICE TO THE COURT
REGARDING STATUTORY AUTHORITY FOR SET-OFF

Pursuant to the Court's request during oral argument yesterday, June 7, 2007, defendant, the United States, respectfully provides to the Court the citation for the authority of the Judgment Fund to deposit the one-time fee owed by plaintiffs, Dominion Resources, Inc. and Dominion Nuclear Connecticut, Inc., into the Nuclear Waste Fund in lieu of affirmatively paying a judgment of this Court directly to plaintiffs.

Specifically, 31 U.S.C. § 3728 provides the authority for the Secretary of the Treasury to withhold from a judgment to be paid from the Judgment Fund the amount that a plaintiff owes to the Government. The regulation that the Department of the Treasury issued to implement this statutory authority is found at 31 C.F.R. § 256.22. Pursuant to this authority, upon receipt of any judgment from this Court, counsel for the Government would submit to the Department of the Treasury, Judgment Fund, a copy of the Court's judgment, which provides for the judgment to plaintiffs and the offset for amounts owed to the Nuclear Waste Fund for the one-time fee, and the attached form, Form 196. On Form 196, counsel would specify in block 6 that the funds were to be paid to the Department of Energy, Nuclear Waste Fund, Agency Locator Code

8955000001. This identification and the Court's accompanying judgment would ensure that the funds would be directed to the Nuclear Waste Fund. In addition, 42 U.S.C. § 10222(c)(1) provides that "all receipts, proceeds and recoveries realized by the Secretary [of Energy]" pursuant to the Standard Contracts shall be deposited in the Nuclear Waste Fund, providing the authority for the Nuclear Waste Fund to receive these payments from the Judgment Fund as receipts pursuant to the Standard Contract.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

s/Lisa L. Donahue
LISA L. DONAHUE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 353-9498
Fax: (202) 307-2503

June 8, 2007

Attorneys for Defendant

# ATTACHMENT

# Judgment Fund Award Data Sheet

| ITEMIZATION OF AMOUNT PAYABLE FROM THE JUDGMENT FUND | AMOUNT TO BE PAID | CITATION TO LEGAL AUTHORITY |
|---|---|---|
| 1. Principal | | |
| 2. Attorney Fees | | |
| 3. Costs | | |
| 4. Interest | | |
| Starting and Ending Dates for Interest Accrual | Start Date | End Date |
| 5. Total Amount Payable from the Judgment Fund | | |
| **COMPLETE ONLY IF DEDUCTIONS ARE TO BE MADE FROM THE AMOUNT PAYABLE FROM THE JUDGMENT FUND *** | | |
| 6. Agency Name and Agency Location Code (ALC) to Receive Offset | Amount to be Deducted | Reason(s) for Deduction(s) and Entity to Receive Deduction(s) |
| | a. | |
| | b. | |
| | c. | |
| 7. Total Amount to be Deducted | | |
| 8. Net Amount Payable to Claimant | | |

If amount for fees, costs, or interest was included in the principal amount (stated on line 1) as part of a "lump sum award," enter "INCLUDED ABOVE" on lines 2 through 4. Enter "NONE" for any of those items (principal, fees, costs, or interest) for which no amount was awarded/included.

1. Enter the principal amount payable (excluding attorney fees, costs, and interest) and cite the legal authority for that award (for instance, "FTCA, 28 U.S.C. 2672"or "5th Amendment Taking").
2. Enter attorney fees payable (if any) and cite legal authority for that award [for instance, "Freedom of Information Act, 5 U.S.C. 552(a)(4)(E)"].
3. Enter the costs payable (if any) and cite legal authority for that award [for instance, " 28 U.S.C. 2412(a)"].
4. If the interest was calculated by the submitting agency, enter the total amount and cite the legal authority for that award [for instance, "Back Pay Act, 5 U.S.C. 5596(b)(2)"]. If the Judgment Fund is to calculate the interest, list only the dates that interest accrual starts.
5. Total amounts shown in lines 1 through 4 and enter.
6. Enter any deductions specified in the judgment or settlement agreement, or debts to be setoff under 31 U.S.C. 3728. Indicate the reason for the deduction (for instance, "FTCA withholding" or "debt setoff pursuant to 31 U.S.C. 3728") and the payee agency's name and ALC. If this deduction is a "debt setoff" pursuant to 31 U.S.C. 3728, you must attach a copy of the judgment or the plaintiff's agreement to the debt setoff. Otherwise, FMS must seek the claimant's consent to the setoff and may only withhold from payment an amount sufficient to pay the debt plus the costs of litigation. Litigation will be required to effect the setoff if there is no judgment of debt or if the claimant declines consent to the setoff. If there are more than three deductions, attach additional copies of this form. If there are no deductions, enter "NONE."
   *** Administrative debts that have been certified to the Secretary of the Treasury through the Treasury Offset Program will be setoff automatically.**
7. Total amounts shown in all columns of line 6 (a, b and c) and enter.
8. Subtract the amount in line 7 from that in line 5. If greater than zero, enter the difference. If the difference is zero or less, enter "NONE."

CERTIFICATE OF FILING

I hereby certify that on this 8th day of June, 2007, a copy of the foregoing "DEFENDANT'S NOTICE TO THE COURT REGARDING STATUTORY AUTHORITY FOR SET-OFF," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Marian E. Sullivan