IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **DOMINION RESOURCES, INC.,**<br>**DOMINION NUCLEAR CONNECTICUT, INC.,**<br>Plaintiffs,<br>v.<br>**UNITED STATES OF AMERICA,**<br>Defendant. | Case No. 04-83C<br>Judge Bruggink |
| **DOMINION RESOURCES, INC.,**<br>**VIRGINIA ELECTRIC AND POWER COMPANY,**<br>Plaintiffs,<br>v.<br>**UNITED STATES OF AMERICA,**<br>Defendant. | Case No. 04-84C<br>Judge Bruggink |

**PLAINTIFFS' NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS OR, ALTERNATIVELY, MOTION FOR LEAVE TO ADMIT PRIOR TESTIMONY INTO EVIDENCE**

Pursuant to the Case Management Procedures of the Rules of the Court of Federal Claims, RCFC App. A, 15(b), Plaintiffs Dominion Resources, Inc., Dominion Nuclear Connecticut, Inc., and Virginia Electric and Power Company (collectively for these purposes, "Dominion") hereby give notice that they may introduce the following portions of deposition and trial testimony of witnesses who are representatives of the government pursuant to Rule 801(d) of the Federal Rules of Evidence.

Appendix A, Rule 15(b) of the Rules of the United States Court of Federal Claims provides that "[a]ny party intending to present substantive evidence by way of deposition testimony, other than as provided by Fed. R. Evid. 801(d), shall serve and file a separate motion for leave to file the transcript of such testimony." (emphasis added). Because all of the below-identified designations are admissions by a party opponent under Fed. R. Evid. 801(d), no motion is required. Yet, in other proceedings, counsel for defendant has taken the position that a motion is necessary for purposes of designation and admission of prior testimony. Accordingly, in the interests of efficiency (and without conceding whether such a motion is required), plaintiffs alternatively move for leave to introduce the below-identified prior testimony as evidence.

A party offering deposition or trial testimony as a party admission under Rule 801(d)(2) need not show that the declarant will be unavailable to testify as a witness at trial. *Globe Savings Bank v. United States*, 61 Fed. Cl. 91, 94-95 (2004). Instead, to be admissible under Rule 801(d)(2)(D), a statement must: (1) be offered against a party, (2) concern a matter within the scope of employment for the party, and (3) be made during the existence of the declarant's relationship with the United States. *Globe Savings*, 61 Fed. Cl. at 97. And it is a "widely accepted rule that admissions of a party-opponent under Rule 801(d)(2) are accorded generous treatment in determinations of admissibility." *Id.* (citation omitted). For purposes of admissibility, there is no "against interest" requirement. *Id.* All of Plaintiffs' designations satisfy these requirements. All are being offered against the government and, as described below, all statements are within the scope of declarants' relationship to the United States.

Moreover, special consideration should be given to the fact that this is one of approximately sixty spent fuel cases before the Court. These witnesses have testified on multiple

occasions with the government present and defending them. Their prior testimony has also been admitted in several spent fuel cases as substantive evidence. While Dominion does intend to call certain current and former DOE personnel to testify live at trial, the proceedings will be greatly expedited and simplified by admission of the below-identified prior testimony.

**I. LAKE H. BARRETT**

Lake H. Barrett was Deputy Director of the Office of Civilian Radioactive Waste Management ("OCRWM") from 1999 until his retirement in 2002. He also served as Acting Director of OCRWM from 1997 to 1999. From 1990 to 1993 Mr. Barrett was Director of the Rocky Flats Program Office, Office of Defense Programs, DOE, and previously served in a variety of senior management positions at OCRWM between 1985 and 1990. The OCRWM is charged with developing and managing the federal system for disposing of spent nuclear fuel under the Nuclear Waste Policy Act ("NWPA") and the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract"). The testimony Plaintiffs seek to admit concerns DOE's plans, objectives, and intent regarding implementation of the NWPA and the Standard Contract, and thus derives directly from Mr. Barrett's employment at DOE.

**A. Deposition of Lake H. Barrett (Volume 1) taken April 22, 2002 in Washington, D.C.**

| From: Page-Line | To: Page-Line |
|---|---|
| 10:21 | 11:8 |
| 38:14 | 40:2 |
| 44:5 | 44:20 |
| 51:17 | 52:17 |
| 53:16 | 57:2 |

| | |
|---|---|
| 58:13 | 59:11 |
| 95:10 | 97:8 |
| 116:14 | 122:6 |
| 198:1 | 198:10 |
| 217:3 | 217:17 |

During his April 22, 2002 deposition, Mr. Barrett discussed the following exhibit, which Dominion has marked for identification (and will seek to have admitted into evidence) as indicated:

| Deposition Exhibit Number | Dominion Exhibit Number |
|---|---|
| 1 | 48 |

**B. Continued Deposition of Lake H. Barrett (Volume 2) taken April 23, 2002 in Washington, D.C.**

| From: Page-Line | To: Page-Line |
|---|---|
| 340:17 | 342:2 |
| 345:4 | 345:16 |
| 349:8 | 350:11 |

**C. Continued Deposition of Lake H. Barrett (Volume 3) taken April 26, 2002 in Washington, D.C.**

| From: Page-Line | To: Page-Line |
|---|---|
| 581:20 | 583:5 |
| 771:3 | 772:3 |
| 772:4 | 774:14 |

**D. Deposition of Lake H. Barrett taken May 8, 2002 in Washington, D.C.**

| From: Page-Line | To: Page-Line |
| --- | --- |
| 948:10 | 949:7 |
| 951:19 | 953:7 |

**E. Continued Deposition of Lake H. Barrett taken May 10, 2002 in Washington, D.C.**

| From: Page-Line | To: Page-Line |
| --- | --- |
| 1163:10 | 1166:7 |
| 1331:7 | 1331:17 |
| 1332:19 | 1333:16 |
| 1334:6 | 1335:10 |
| 1368:10 | 1369:14 |
| 1369:22 | 1371:14 |

**F. Deposition of Lake H. Barrett taken May 14, 2002 in Washington, D.C.**

| From: Page-Line | To: Page-Line |
| --- | --- |
| 120:22 | 121:6 |

## II. ALAN BROWNSTEIN

Alan Brownstein was Director of the OCRWM Regulatory Coordination Division, the office charged with managing the federal waste system, beginning in March 1995, and in 2001 he began serving on detail as a senior policy advisor to the OCRWM Director, principally responsible for site recommendation activities. The testimony Plaintiffs seek to admit concerns DOE's plans, objectives, and intent regarding implementation of the NWPA and the Standard Contract, and thus derives directly from Mr. Brownstein's employment at DOE.

**A. Deposition of Alan Brownstein taken April 9, 2002 in McLean, Virginia**

| From: Page-Line | To: Page-Line |
|---|---|
| 9:18 | 10:2 |
| 33:7 | 36:6 |

**B. Deposition of Alan Brownstein taken April 10, 2002 in McLean, Virginia**

| From: Page-Line | To: Page-Line |
|---|---|
| 278:12 | 278:15 |
| 282:5 | 282:22 |
| 326:20 | 326:25 |
| 331:24 | 333:21 |
| 367:14 | 368:25 |
| 376:22 | 378:5 |
| 411:24 | 412:21 |
| 413:13 | 414:12 |

During his April 10, 2002 deposition, Mr. Brownstein discussed the following exhibits, which Dominion has marked for identification (and will seek to have admitted into evidence) as indicated:

| Deposition Exhibit Number | Dominion Exhibit Number |
|---|---|
| 24 | 68 |
| 30 | 74 |

**C. Deposition of Alan Brownstein taken June 14, 2002 in Washington, D.C.**

| From: Page-Line | To: Page-Line |
|---|---|
| 423:20 | 427:4 |
| 427:16 | 428:5 |

## III. CHRISTOPHER KOUTS

Christopher Kouts is the Acting Principal Deputy Director of OCRWM. The testimony Plaintiffs seek to admit concerns DOE's plans, objectives, and intent regarding implementation of the NWPA and the Standard Contract and thus derives directly from his employment at DOE.

**A. Deposition of Christopher A. Kouts taken June 4, 1999 in Washington, D.C., Yankee Atomic Electric Company v. United States, No. 98-126.**

| From: Page-Line | To: Page-Line |
|---|---|
| 12:9 | 12:15 |

**B. Deposition of Christopher A. Kouts taken April 11, 2005 in Washington, D.C.**

| From: Page-Line | To: Page-Line |
|---|---|
| 32:3 | 32:21 |
| 128:22 | 130:1 |
| 144:16 | 145:8 |

**C. Transcript of Record for October 26, 2005, Southern Nuclear Operating Co. v. United States, 77 Fed. Cl. 396 (2007) (No. 98-614).**

| From: Page-Line | To: Page-Line |
|---|---|
| 1832:5 | 1832:22 |
| 1833:18 | 1834:10 |

**D. Transcript of Record for June 14, 2006, Pacific Gas & Electric Co. v. United States, 73 Fed. Cl. 333 (2006) (No. 04-74C).**

| From: Page-Line | To: Page-Line |
|---|---|
| 2745:11 | 2745:15 |
| 2747:1 | 2747:12 |
| 2748:4 | 2748:12 |
| 2751:20 | 2753:6 |
| 2755:24 | 2756:3 |
| 2761:23 | 2761:24 |
| 2767:8 | 2770:18 |
| 2773:14 | 2773:23 |
| 2774:7 | 2774:11 |
| 2775:21 | 2776:4 |
| 2777:2 | 2777:5 |
| 2797:14 | 2798:8 |

During his testimony in *Pacific Gas & Electric*, Mr. Kouts discussed the following exhibit, which Dominion has marked for identification (and will seek to have admitted into evidence) as indicated:

| PG&E Exhibit Number | Dominion Exhibit Number |
|---|---|
| PX 82 | 48 |

**E. Transcript of Record for April 12, 2007, System Fuels, et. al v. United States, -- Fed. Cl. --, 2007 WL 3033659 (2007) (No. 03-2623).**

| From: Page-Line | To: Page-Line |
|---|---|
| 3371:10 | 3373:20 |
| 3411:8 | 3412:21 |
| 3435:18 | 3444:6 |
| 3448:1 | 3448:16 |
| 3449:21 | 3450:23 |
| 3459:13 | 3465:4 |
| 3468:17 | 3476:8 |
| 3478:7 | 3487:5 |
| 3493:24 | 3494:6 |
| 3518:9 | 3519:7 |
| 3521:15 | 3524:1 |
| 3537:22 | 3541:9 |
| 3545:5 | 3547:18 |
| 3560:9 | 3561:10 |

During Mr. Kout's testimony in *Systems Fuels*, he discussed the following exhibits, which Dominion has marked for identification (and will seek to have admitted into evidence) as indicated:

| System Fuels Exhibit Number | Dominion Exhibit Number |
|---|---|
| PX 57 | 55 |
| PX 198 | 73 |
| PX 222 | 102 |

**IV. RONALD A. MILNER**

Ronald A. Milner served from 1996 to 2006 as Chief Operating Officer of the OCRWM and during that period also served as Acting Deputy Director for a total of four years. From 1984 to 1996, Mr. Milner served in other positions at OCRWM, including as Branch Chief, Division Director, and Office Director. The testimony Plaintiffs seek to admit concerns DOE's plans, objectives and intent regarding implementation of the NWPA and the Standard Contract and thus derives directly from Mr. Milner's employment at DOE.

**A. Deposition of Ronald A. Milner (Volume 1) taken May 1, 2002 in McLean, Virginia**

| From: Page-Line | To: Page-Line |
|---|---|
| 9:20 | 9:22 |
| 15:16 | 15:24 |
| 16:21 | 17:4 |
| 65:21 | 65:25 |
| 69:14 | 69:24 |
| 72:21 | 73:22 |
| 73:25 | 74:23 |
| 83:15 | 83:23 |
| 84:17 | 85:24 |

During his May 1, 2002 deposition, Mr. Milner discussed the following exhibits, which Dominion has marked for identification (and will seek to have admitted into evidence) as indicated:

| Deposition Exhibit Number | Dominion Exhibit Number |
|---|---|
| 4 | 34 |
| 5 (Excerpt) & 6 | 48 |

**B. Deposition of Ronald A. Milner (Volume 2) taken May 2, 2002 in McLean, Virginia**

| From: Page-Line | To: Page-Line |
|---|---|
| 327:22 | 327:24 |
| 334:20 | 335:11 |
| 389:8 | 389:17 |

During his May 2, 2002 deposition, Mr. Milner discussed the following exhibits, which Dominion has marked for identification (and will seek to have admitted into evidence) as indicated:

| Deposition Exhibit Number | Dominion Exhibit Number |
|---|---|
| 42 | 74 |
| 51 | 102 |

**C. Deposition of Ronald A. Milner (Volume 3) taken May 3, 2002 in McLean, Virginia**

| From: Page-Line | To: Page-Line |
|---|---|
| 411:7 | 411:13 |
| 412:3 | 412:22 |
| 555:8 | 556:12 |

| | |
|---|---|
| 572:25 | 574:18 |

**D. Deposition of Ronald A. Milner (Volume 1) taken May 7, 2002 in Washington, D.C.**

| From: Page-Line | To: Page-Line |
|---|---|
| 31:4 | 32:11 |

**E. Trial Testimony of Ronald A. Milner on August 11, 2004 in Yankee Atomic Electric, et al. v. United States, No. 98-126 (Volume 21)**

| From: Page-Line | To: Page-Line |
|---|---|
| 4711:20 | 4712:1 |
| 4749:16 | 4750:6 |

**V. ROBERT M. ROSSELLI**

Robert Rosselli was the deputy manager for business services in DOE's facility in Richland, Washington beginning in 1999 and he served as assistant manager for science and technology from 1994 to 1999. From 1984 to 1994, Mr. Roselli was the Director of the Resource Management Division. The testimony Plaintiffs seek to admit concerns DOE's plans, objectives, and intent regarding implementation of the NWPA and the Standard Contract and thus derives directly from his employment at DOE.

**A. Deposition of Robert M. Rosselli taken April 15, 2002 in Richland, Washington**

| From: Page-Line | To: Page-Line |
|---|---|
| 16:18 | 19:7 |
| 21:14 | 22:11 |
| 134:23 | 135:5 |

| | |
|---|---|
| 139:24 | 140:10 |
| 147:15 | 149:17 |
| 176:9 | 176:15 |
| 179:9 | 181:2 |

During his April 15, 2002 deposition, Mr. Rosselli discussed the following exhibits, which Dominion has marked for identification (and will seek to have admitted into evidence) as indicated:

| Deposition Exhibit Number | Dominion Exhibit Number |
|---|---|
| 13 | 34 |

**VI. NANCY H. SLATER**

Nancy H. Slater Thompson was a team leader in the OCRWM Regulatory Coordination Division dealing with regulatory concerns from 1997 to 2001, after which she served as the Acting Director of that Division. The testimony Plaintiffs seek to admit concerns DOE's plans, objectives, and intent regarding implementation of the NWPA and the Standard Contract and thus derives directly from her employment at DOE.

**A. Deposition of Nancy H. Slater taken April 21, 1999 in Washington, D.C.**

| From: Page-Line | To: Page-Line |
|---|---|
| 5:25 | 6:3 |
| 19:21 | 20:18 |
| 161:14 | 162:1 |
| 163:18 | 164:22 |

**B. Deposition of Nancy H. Slater taken April 22, 1999 in Washington, D.C.**

| From: Page-Line | To: Page-Line |
|---|---|
| 244:5 | 246:4 |

**C. Deposition of Nancy H. Slater taken June 13, 2002 in Washington, D.C.**

| From: Page-Line | To: Page-Line |
|---|---|
| 5:2 | 5:4 |
| 94:16 | 99:6 |

During her June 13, 2002 deposition, Ms Slater discussed the following exhibit, which Dominion has marked for identification (and will seek to have admitted into evidence) as indicated:

| Deposition Exhibit Number | Dominion Exhibit Number |
|---|---|
| 3 | 102 |

**VII. VICTOR W. TREBULES**

Victor W. Trebules, Jr. was Director of the Office of Project Control at OCRWM from beginning about 1998 and from the mid-nineties until that time he served as Director of the Program Management Division. The testimony Plaintiffs seek to admit concerns DOE's plans, objectives, and intent regarding implementation of the NWPA and the Standard Contract and thus derives directly from his employment at DOE.

**A. Deposition of Victor W. Trebules taken April 17, 2002 in Washington, D.C.**

| From: Page-Line | To: Page-Line |
|---|---|
| 17:7 | 18:17 |
| 44:17 | 45:17 |
| 48:5 | 50:20 |

| | |
|---|---|
| 52:11 | 54:4 |
| 57:15 | 60:14 |
| 78:1 | 79:17 |
| 84:10 | 85:16 |
| 96:19 | 101:19 |
| 104:2 | 107:6 |
| 109:18 | 111:15 |
| 120:9 | 124:2 |
| 177:18 | 178:11 |

During his April 17, 2002 deposition, Mr. Trebules discussed the following exhibits, which Dominion has marked for identification (and will seek to have admitted into evidence) as indicated:

| Deposition Exhibit Number | Dominion Exhibit Number |
|---|---|
| 3 | 37 |
| 4 | 34 |
| 5 | 40 |

**VIII. ROBERT L. MORGAN**

Robert L. Morgan was Director of Nuclear Waste Policy Act Office, the precursor to the Office of Civilian Radioactive Waste Management within DOE from January 1983 to January 1984. Counsel for defendant has indicated that the government will call Mr. Morgan and thus plaintiffs have not designated his prior testimony. Plaintiffs reserve the right to designate his testimony should the parties determine not to call Mr. Morgan to testify at trial or should his appearance otherwise not occur.

DATED: March 17, 2008

Respectfully submitted,

s/ Brad Fagg

Brad Fagg
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-5191
Facsimile: (202) 739-3001

Attorneys for Plaintiffs

Of Counsel:
Paul M. Bessette
D. Bruce McPherson
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Telephone: (202) 739-3000
Facsimile: (202) 729-3001

**CERTIFICATE OF SERVICE**

I, Brad Fagg, hereby certify that on this 17th day of March, 2008, a copy of the foregoing Plaintiffs' Motion to Designate Deposition and Trial Testimony was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Brad Fagg
Brad Fagg