**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 04-0084C and No. 04-0083C**
**(Judge Bruggink)**

---

**DOMINION RESOURCES, INC., and**
**VIRGINIA ELECTRIC & POWER COMPANY,**

**Plaintiffs,**

**DOMINION RESOURCES, INC., and**
**DOMINION NUCLEAR CONNECTICUT, INC.,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON AFUDC

---

**JEFFREY S. BUCHOLTZ**
**Acting Assistant Attorney General**

**JEANNE E. DAVIDSON**
**Director**

**HAROLD D. LESTER, JR.**
**Assistant Director**

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ANDREW P. AVERBACH
CHRISTOPHER J. CARNEY
SCOTT SLATER
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

March 17, 2008

LISA L. DONAHUE
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-9498
Tel: (202) 305-2118

Attorneys for Defendant

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I. THE STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II. PLAINTIFFS' CLAIM FOR AFUDC (OR CAPITALIZED INTEREST) CONSTITUTES A CLAIM FOR INTEREST, WHICH IS NOT ALLOWABLE AGAINST THE GOVERNMENT . . . . . . . . . . . . . . . . . . . . . . . 6

A. Interest Is Not Recoverable Against The United States Government Under The Standard Contract . . . . . . . . . . . . . . . . . . . . . . . 6

B. No Waiver Of Sovereign Immunity Allows Plaintiffs To Recover AFUDC or Capitalized Interest . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

CASES PAGE(S)


Anderson v. Liberty Lobby Inc.,
477 U.S. 242 (1986) . . . . . . . . . . 5

Bell v. United States,
186 Ct Cl. 189, 404 F.2d 975 (1968) . . . . . . . . . . 9

Bluebonnet Savings Bank, F.S.B. v. United States,
266 F.3d 1348 (Fed. Cir. 2001) . . . . . . . . . . 11

Brookfield Constr. Co. v. United States,
228 Ct. Cl. 551, 661 F.2d 159 (1981) . . . . . . . . . . 6

Castle v. United States, 48 Fed. Cl. 187 (2000), aff'd in relevant part
301 F.3d 1328 (Fed. Cir. 2002) . . . . . . . . . . 7

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) . . . . . . . . . . 5

Centex Corp. v. United States, 55 Fed. Cl. 381 (2003), aff'd on other grounds
395 F.3d1283 (Fed. Cir. 2005) . . . . . . . . . . 11

Curtis v. United States, 144 Ct. Cl. 194, 168 F. Supp. 213 (1958), cert. denied
361 U.S. 843 (1959) . . . . . . . . . . 5

England v. Contel Advanced Sys., Inc.,
384 F.3d 1372 (Fed. Cir. 2004) . . . . . . . . . . 6, 7, 8

Gevyn Constr. Corp. v United States,
827 F.2d 752 (Fed. Cir. 1987) . . . . . . . . . . 10

Illinois Bell Telephone Co. v. FCC,
911 F.2d 776 (D.C. Cir. 1990) . . . . . . . . . . 2

Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639 (2004), aff'd
422 F.3d 1369 (Fed. Cir. 2005) . . . . . . . . . . 7

J.D. Hedin Constr. Co. v. United States,
197 Ct. Cl. 782, 456 F.2d 1315 (1972) . . . . . . . . . . 7, 8

Library of Congress v. Shaw,
478 U.S. 310 (1986) . . . . . . . . . . passim

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Maine Yankee Atomic Power Co. v. United States,
225 F.3d 1336 (Fed. Cir. 2000) . . . . . . . . . . 6

Marshall v. United States,
143 Cl. Ct 51, 164 F. Supp. 221 (1958) . . . . . . . . . . 7

Northern States Power Co. v. United States, 78 Fed. Cl. 449 (2007), appeal pending,
Nos. 2008-5037, 2008-5041 (Fed. Cir. docketed Feb. 11, 2008) . . . . . . . . . . 9, 10

Southern Nuclear Operating Co. v. United States,
77 Fed. Cl. 396 (2007) . . . . . . . . . . 10

Spirit Leveling Contractors v. United States,
19 Cl. Ct. 84 (1989) . . . . . . . . . . 5

Sweats Fashions, Inc. v. Pannill Knitting, Inc.,
833 F.2d 1560 (Fed. Cir. 1987) . . . . . . . . . . 5

System Fuels, Inc. v. United States,
79 Fed. Cl. 37 (2007) . . . . . . . . . . 11

Tennessee Valley Authority v. United States,
69 Fed. Cl. 515 (2006) . . . . . . . . . . 8

United States v. Mescalero Apache Tribe,
207 Ct. Cl. 369, 518 F.2d 1309 (1979) . . . . . . . . . . 8

United States v. Thayer-West Print Hotel Co.,
329 U.S. 585 (1947) . . . . . . . . . . 6

Westfed Holdings, Inc. v. United States,
52 Fed. Cl. 135 (2002) . . . . . . . . . . 11

Wickham Contracting Co. v. Fisher,
12 F.3d 1574 (Fed. Cir. 1994) . . . . . . . . . . 9, 10

Wickham Contracting Co. v. GSA, GSBCA No. 8675, 92-3 B.C.A. ¶ 25040,
1992 WL 88326 (GSBCA 1992), aff'd,
12 F.3d 1574 (Fed. Cir. 1994) . . . . . . . . . . 9

TABLE OF AUTHORITIES (cont'd)

STATUTES AND REGULATIONS PAGE(S)

18 C.F.R. Part 101, Electric Plant Instructions, § 3A . . . . . 2, 3

28 U.S.C. § 2516(a) . . . . . passim

41 U.S.C. §§ 601-613 . . . . . 6

42 U.S.C. §§ 10101-10270 . . . . . 6

48 C.F.R. § 43.205 . . . . . 9

FAR § 43.205 . . . . . 9

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DOMINION RESOURCES, INC., and<br>VIRGINIA ELECTRIC & POWER COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-0084<br>(Judge Bruggink) |
| DOMINION RESOURCES, INC., and<br>DOMINION NUCLEAR CONNECTICUT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-0083<br>(Judge Bruggink) |

DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON AFUDC

Pursuant to Rule 56(b) of the Rules of this Court ("RCFC"), defendant, the United States, respectfully requests that this Court grant summary judgment in defendant's favor upon plaintiffs' claims for interest upon its capital construction expenditures. There are no genuine issues of material fact that would preclude judgment as a matter of law in defendant's favor on this issue. In support of our motion, we rely upon the following brief and appendix, the accompanying proposed findings of uncontroverted fact, and the pleadings filed by the parties in this case.

STATEMENT OF FACTS

The facts pertinent to our motion are set forth in our proposed findings of uncontroverted fact, which we respectfully incorporate herein.

On October 31, 2006, plaintiffs submitted their Initial Disclosures of Claimed Damages, which included all damages allegedly incurred by Dominion Resources, Inc, Virginia Electric & Power Company ("VEPCO"), and Dominion Nuclear Connecticut, Inc. ("DNC") (collectively "Dominion" or "plaintiffs") in this case through June 30, 2006. DPFUF ¶ 1.[1] In their claim for damages, plaintiffs include almost $3 million in financing costs associated with capital expenditures. DPFUF ¶ 4.[2] Plaintiffs record these financing costs in two different accounts: the "Allowance For Funds Used During Construction" ("AFUDC") account for VEPCO and the "Capitalized Interest" account for DNC. Id. The Federal Energy Regulatory Commission ("FERC") regulations permit utilities to calculate and record AFUDC to account for the financing costs associated with capital expenditures. 18 C.F.R. Part 101, Electric Plant Instructions Section 3A(17) (2007); see, e.g., Illinois Bell Telephone Co. v. FCC, 911 F.2d 776, 782 (D.C. Cir. 1990) ("AFUDC is intended to compensate investors for the use of their funds during construction . . . ."); DPFUF ¶ 9. The VEPCO account is labeled as "AFUDC," because VEPCO is a regulated entity which is subject to FERC guidance. DPFUF ¶ 6. The Millstone facility, located in Connecticut, is not a regulated entity, so DNC refers to the account as a "capitalized interest" account, which is monitored by relevant financial accounting standards.

---

[1] "DPFUF ¶___" refers to Defendant's Proposed Findings of Uncontroverted Fact, which are being filed concurrently with this motion. "App. ___" refers to the appendix to the "Defendant's Proposed Findings of Uncontroverted Fact."

[2] Dominion's claim includes $2,658,238 in AFUDC or capitalized interest. Of this total amount, DNC claims $1,960,189, and VEPCO claims $698,049. DPFUF ¶ 5.

DPFUF ¶ 7. As a conceptual matter, these accounts are treated in the same way in Dominion's accounting systems. DPFUF ¶ 8. In fact, Dominion's treasury group is responsible for obtaining funding for all of the projects undertaken by Dominion, including capital projects undertaken at Millstone, North Anna, and Surry, or projects undertaken by Dominion's distribution and transmission businesses. DPFUF ¶ 14, 17, 22.

As defined by FERC, the AFUDC account includes "the net cost for the period of construction of borrowed funds used for construction purposes and a reasonable rate on other funds when so used." 18 C.F.R. Part 101, Electric Plant Instructions Section 3A(17) (2007); DPFUF ¶ 10 . FERC permits utilities to apply an AFUDC rate to its costs for capital construction work in progress, until that capital project becomes "in service," at which point the AFUDC account no longer accrues and the utility may incorporate the AFUDC amount into its rate base. 18 C.F.R. Part 101, Electric Plant Instructions Section 3A(17); DPFUF ¶ 11. According to Dominion's testimony during its Rule 30(b)(6) deposition, plaintiffs calculate the AFUDC (or capitalized interest) rate using a ratio of the plaintiffs' debt and equity, as specified by the FERC requirements, and apply that rate to their capital costs. DPFUF ¶ 12.

The AFUDC (or capitalized interest) account represents the cost of money-"the cost of the debt and equity that Dominion has to operate its business." DPFUF ¶ 13. Dominion's treasury group determines what funding is required for all of the projects undertaken by Dominion, in the aggregate. DPFUF ¶ 14. Dominion obtains the debt portion of the AFUDC (or capitalized interest) rate from the commercial instruments, like loans and bonds, entered into by Dominion's treasury group. DPFUF ¶ 15. Dominion obtains the equity portion of the AFUDC (or capitalized interest) rate from the issuing of stock. DPFUF ¶ 16. Plaintiffs cannot identify any specific borrowing that resulted in the application of the AFUDC (or capitalized interest)

rate to the capital projects claimed as damages, because Dominion evaluates its financial needs on the company level, not at the level of individual projects. DPFUF ¶ 17. Because Dominion's treasury group funds the projects undertaken by the entire entity, Dominion does not know how, if at all, the capital project funding costs changed as a result of DOE's failure to begin accepting spent nuclear fuel ("SNF") in 1998. DPFUF ¶ 18.

By allocating a certain portion of that AFUDC (or capitalized interest) account to Dominion's capital projects, Dominion is allocating the "interest charges, the cost of the debt and equity, to the [capital] projects." DPFUF ¶ 19. The cost of the capital project funding is the opportunity cost or the cost to Dominion of spending money that it otherwise would not have spent. In the Rule 30(b)(6) deposition on this topic, Dominion, through its deposition designee, analogized the concept of AFUDC to the "earnings" made upon monies held in a savings account, and noted that AFUDC represents the opportunity cost to Dominion of spending its monies to fund capital projects. DPFUF ¶ 20. The application of the AFUDC (or capitalized interest) rate to a utility's capital costs recognizes that the utility is not immediately able to recover those costs from the rate base and, thus, allows the utility to begin recovering a rate of return upon its capital expenditures once the project is "in service." DPFUF ¶ 21. Thus, through their claim of AFUDC (or capitalized interest), plaintiffs attempt to recover the interest costs for the monies that they allegedly spent as a result of the delay by the Department of Energy ("DOE") in the acceptance of spent nuclear fuel from their sites.

## ARGUMENT

### I. THE STANDARD OF REVIEW

Summary judgment is appropriate where there is "no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The procedure of summary judgment is properly regarded not as a disfavored shortcut, but, rather, as an integral part of the Court rules as a whole, designed to secure a just, speedy, and inexpensive determination of every action. Spirit Leveling Contractors v. United States, 19 Cl. Ct. 84, 89 (1989) (citing Celotex Corp., 477 U.S. at 327 (1986)); accord Sweats Fashions, Inc. v. Pannill Knitting, Inc., 833 F.2d 1560, 1562 (Fed. Cir. 1987). "The focus in determining whether summary judgment is appropriate is the lack of disputed material facts. A material fact has been defined as a fact that will make a difference in the outcome of a case." Curtis v. United States, 144 Ct. Cl. 194, 199, 168 F. Supp. 213, 216 (1958), cert. denied, 361 U.S. 843 (1959). Only disputes over facts that might affect the outcome of a suit will properly prevent an entry of judgment. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).

As the moving party, defendant may discharge its burden by demonstrating an absence of evidence as to an essential element of plaintiff's cause of action. Celotex, 477 U.S. at 322-25. If defendant makes this threshold showing, the burden shifts to the plaintiffs to adduce evidence sufficient to create a genuine issue of material fact. Id. Failure to make this evidentiary showing is fatal to plaintiffs' claim and entitles the movant to judgment as a matter of law. Id.

## II. PLAINTIFFS' CLAIM FOR AFUDC (OR CAPITALIZED INTEREST) CONSTITUTES A CLAIM FOR INTEREST, WHICH IS NOT ALLOWABLE AGAINST THE GOVERNMENT

### A. Interest Is Not Recoverable Against The United States Government Under The Standard Contract

Pursuant to 28 U.S.C. § 2516(a), a party may not recover interest upon a claim against the United States in the Court of Federal Claims unless specifically permitted under a contract or Act of Congress. Library of Congress v. Shaw, 478 U.S. 310, 317 (1986). The "no-interest rule is an aspect of the basic rule of sovereign immunity." England v. Contel Advanced Sys., Inc., 384 F.3d 1372, 1379 (Fed. Cir. 2004). Thus, a statutory or contractual provision requiring the Government to pay interest "must be affirmative, clear-cut, [and] unambiguous." United States v. Thayer-West Print Hotel Co., 329 U.S. 585, 590 (1947).

Neither the Nuclear Waste Policy Act of 1982, 42 U.S.C. §§ 10101-10270 ("NWPA"), nor any other act of Congress has mandated that the United States pay interest on claims for damages arising under the Standard Contract at issue here.[3] Further, no provision of the Standard Contract provides for the payment of interest on damages claims.

Although plaintiffs are permitted by regulation to record AFUDC in the course of their cost accounting, that does not mean that it is therefore somehow recoverable form the United States where, as here, no regulation waives the Government's sovereign immunity with respect to the recovery of AFUDC. Absent such a waiver of sovereign immunity, plaintiffs cannot

---

[3] Although the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601-613, waives the Government's sovereign immunity with regard to interest on certain claims, see Brookfield Constr. Co. v. United States, 228 Ct. Cl. 551, 559, 661 F.2d 159, 165 (1981) ("Because there can be no award of interest against the United States in the absence of a 'contract . . . or Act of Congress expressly providing for payment thereof,' 28 U.S.C. § 2516(a) (1976), the only way plaintiff can recover interest is if the Contract Disputes Act provides for it."), the Standard Contract is not subject to the CDA. Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1340 (Fed. Cir. 2000).

recover their AFUDC "costs." See 28 U.S.C. § 2516(a) (1976); Library of Congress, 478 U.S. at 322 (1986); see also Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639, 660 (2004) (the application of "plaintiff's average after-tax cost of capital to damages incurred each year . . . is prejudgment interest, which is not allowable against the United States absent a specific waiver of sovereign immunity"), aff'd, 422 F.3d 1369 (Fed. Cir. 2005) .

Because the no-interest rule applies "broadly to claims for interest," England, 384 F.3d at 1379 (Fed. Cir. 2004), the rule "extends to any form of award for the time value of money that has not been authorized by the express terms of the transaction sued on." Castle v. United States, 48 Fed. Cl. 187, 217 (2000), aff'd in relevant part, 301 F.3d 1328 (Fed. Cir. 2002); see Library of Congress, 478 U.S. at 322 n.7 (1986) ("[a]n interest rate reflects not only the real opportunity cost of capital, but also the inflation rate. Thus, loss of value due to delay is an element of an interest adjustment.") (citations omitted). Dominion cannot avoid the no-interest rule by claiming that AFUDC is a financing cost, recorded in real time. "[L]ike interest on substantive claims against the government, '[i]nterest on bank loans made because of financial stringency resulting from a breach by the Government of a contract between it and the borrower is not recoverable.'" England, 384 F.3d at 1379 (Fed. Cir. 2004) (quoting J.D. Hedin Constr. Co. v. United States, 197 Ct. Cl. 782, 456 F.2d 1315, 1330 (1972)); see Marshall v. United States, 143 Cl. Ct. 51, 56-57, 164 F. Supp. 221, 224 (1958) ("interest on borrowed money is not recoverable in suits against the Government unless it is called for in the contract itself or in the governing statute").

Moreover, a portion of plaintiffs' AFUDC (or capitalized interest) costs are based upon Dominion's company-wide equity. DPFUF ¶ 12, 16. Where a plaintiff uses its own money to finance breach-related activities, any claim for the loss of interest which that money might have

earned is similarly barred. England, 384 F.3d at 1379 (Fed. Cir. 2004) (citing J.D. Hedin, 197 Ct. Cl. 782, 456 F.2d 1315, 1330 (Ct. Cl. 1972)). Indeed, "the character or nature of 'interest' cannot be changed by calling it 'damages,' 'loss,' 'earned increment,' 'just compensation,' 'discount,' 'offset,' or 'penalty,' or any other term, because it is still interest and the no-interest rule applies to it." United States v. Mescalero Apache Tribe, 207 Ct. Cl. 369, 518 F.2d 1309, 1322 (1979). The Supreme Court has made clear that compensation for any belated receipt of funds from the Government constitutes interest, which is not recoverable against the Government. Library of Congress, 478 U.S. at 322 n.7 ("[a]n interest rate reflects not only the real opportunity cost of capital, but also the inflation rate. Thus, loss of value due to delay is an element of an interest adjustment." (citations omitted)).

B. No Waiver Of Sovereign Immunity Allows Plaintiffs To Recover AFUDC or Capitalized Interest

Dominion's contention that it is entitled to recover AFUDC (or capitalized interest) is flawed. As discussed above, interest on borrowings is not recoverable against the Government, absent a contract clause or statutory provision that permits it. England, 384 F.3d at 1379 (Fed. Cir. 2004).

Dominion relies upon Tennessee Valley Authority v. United States, 69 Fed. Cl. 515, 541-42 (2006), for its contention that AFUDC is recoverable, but TVA was wrongly decided and has not been followed in other spent fuel cases. In TVA, the Court determined that the plaintiff could recover AFUDC costs based upon its analysis of the United States Court of Appeals for the Federal Circuit's decision in Wickham Contracting Co. v. Fisher, 12 F.3d 1574 (Fed. Cir. 1994), which is inapplicable to the Court's analysis here. The contract at issue in Wickham involved a contract clause – the "Changes" clause contained in most Federal procurement contracts – that has been held to authorize recovery of interest on funds borrowed to address a

contract change. Bell v. United States, 186 Ct. Cl. 189, 404 F.2d 975, 984 (1968).[4] Nevertheless, without a "Changes" clause or similar contractual provision,[5] the statutory provision barring recovery of interest from the Government, 28 U.S.C. § 2516(a), "and its policy" continue to "apply to demands for damages in 'breach' claims against the United States . . . ." Bell, 186 Ct. Cl. 189, 404 F.2d at 984. In fact, the Court specifically distinguished Bell from the type of claim that Dominion asserts, noting that "[t]he demand here is not based upon a 'breach' but upon a change compensable under the 'Changes' article which entitles the contractor to reimbursement for the resulting 'increase * * * in the cost of performance of this contract.'" Id. at 984. Here, the Standard Contract contains no "Changes" or similar clause, and plaintiffs seek breach damages, not an equitable adjustment. "Courts lack the power to award interest against the United States on the basis of what they think is or is not sound policy." Library of Congress, 478 U.S. at 321. As a result, the Wickham decision, and the analysis of the Court in TVA, does not provide a viable basis for Dominion's claim for AFUDC and capitalized interest.

Moreover, even if plaintiffs were entitled to recover interest on borrowings pursuant to Wickham, to recover under such a theory, "[t]he changed work must be directly traced to a

---

[4] Although the Federal Circuit's decision in Wickham does not specifically mention the "Changes" clause, it is clear that a "Changes" clause was included in that Federal procurement contract, pursuant to the mandatory language in the Federal Acquisition Regulation ("FAR") that requires the inclusion of that clause in all contracts subject to the FAR. See FAR § 43.205, 48 C.F.R. § 43.205; see also Wickham Contracting Co. v. GSA, GSBCA No. 8675, 92-3 BCA ¶ 25040, 1992 WL 88326, at *1 (GSBCA 1992) (discussing 110 change orders upon which claims were based), aff'd, 12 F.3d 1574 (Fed. Cir. 1994).

[5] In Northern States Power Co. v. United States, 78 Fed. Cl. 449 (2007), appeal pending, Nos. 2008-5037, 2008-5041 (Fed. Cir. docketed Feb. 11, 2008), the Court questioned the recoverability of interest against the Government, even where a "Changes" clause exists, noting that the FAR does not appear to waive sovereign immunity with respect to "interest on borrowings." Id. at 472 n.16.

specific loan or a necessity for increased borrowing must be shown to have been required by extra work or delay caused by the Government." Gevyn Constr. Corp. v United States, 827 F.2d 752, 754 (Fed. Cir. 1987) (emphasis added). However, Dominion admits that it cannot make any direct link between its generalized borrowing and any breach-related projects. DPFUF ¶ 17. Instead, Dominion funds its capital construction projects through the issuance of generalized debt and equity and borrows money at the company-wide level. DPFUF ¶ 15-17. As this Court has held in other spent fuel cases, such generalized evidence of borrowings is insufficient to make a claim for interest recoverable. See Southern Nuclear Operating Co. v. United States, 77 Fed. Cl. 396, 449 (2007) (denying plaintiff's claim for cost of capital where plaintiffs could not point to any specific or general debt or actual costs incurred as a result of borrowing), appeal pending, Nos. 2008-5020, 2008-5028 (Fed. Cir. docketed Jan. 3, 2008); see Northern States, 78 Fed. Cl. at 471-72 (plaintiff's claim for its cost of capital is barred by 28 U.S.C. §2516, "absent proof of any borrowings with which the interest claim can be causally identified"), appeal pending, Nos. 2008-5037, 2008-5041 (Fed. Cir. docketed Feb. 11, 2008). In fact, where utility plaintiffs have failed to show that their claimed financing costs "are directly related to required borrowing through specific debt instruments," this Court- in an opinion authored by the same judge who decided TVA- has denied the plaintiff's claims for cost of capital, cost of debt, and AFUDC. System Fuels, Inc. v. United States, 79 Fed. Cl. 37, 70 (2007), appeal pending, nos. 2008-5029, 2008-5035 (Fed. Cir. docketed Jan. 9, 2008).

Lastly, even assuming that the costs which plaintiffs seek here related to actual loans that they procured as a result of DOE's delay, and that they could establish that those loans are directly tied to the breach damages that they are claiming, the recovery of AFUDC conflicts with the precedents applicable to this Court. In their pretrial brief, plaintiffs rely upon Westfed

Holdings, Inc. v. United States, 52 Fed. Cl. 135 (2002), for the erroneous proposition that AFUDC constitutes recoverable interest. Plfs. Mem. Cont. Facts & Law at 59 n.21. Westfed Holdings is one in a series of cases arising out of the passage of the Financial Institution Reform, Recovery, and Enforcement Act ("FIRREA"). The FIRREA cases primarily rely upon Bluebonnet Savings Bank, F.S.B. v. United States, 266 F.3d 1348 (Fed. Cir. 2001), as support for the idea that "interest *on* a claim" may be recoverable. However, Bluebonnet deals with financing costs arising under a contract the purpose of which was to raise financing to infuse cash into an acquired thrift. It does not support the argument that "interest *on* a claim" is generally recoverable absent a contractual or statutory provision waiving the Government's sovereign immunity, particularly in light of the well-established binding precedent to the contrary. Moreover, where the Court has considered the possibility that interest as a claim may be recoverable, the Court has held that the claimant must offer "direct proof that the parties discussed [plaintiffs'] need for borrowed cash in the event of a breach." Centex Corp. v. United States, 55 Fed. Cl. 381, 390 (2003), aff'd on other grounds, 395 F.3d 1283 (Fed. Cir. 2005); see Westfed Holdings, 52 Fed. Cl. at 163 n.22 (original negotiations were "predicated on the fact that Westfed planned to invest $220 million, $60 million of which defendant knew would be borrowed.") (emphasis added). Here, there is no evidence that the Government understood, in developing the Standard Contract, that plaintiffs would require or that the Government would pay financing in the event of a breach.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant summary judgment in the Government's favor upon the issue of Dominion's claim for AFUDC and capitalized interest.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ANDREW P. AVERBACH
CHRISTOPHER J. CARNEY
SCOTT SLATER
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

March 17, 2008

s/Lisa L. Donahue
LISA L. DONAHUE
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-9498
Tel: (202) 305-2118

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby, certify that on this 17th day of March, 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON AFUDC" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Lisa L. Donahue